**Jorge LEON–FLORES, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 05–71660.**

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 2009.*

Filed Aug. 4, 2009.

Murray D. Hilts, Esq., Law Offices of Murray Hilts, San Diego, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James E. Grimes, Esq., Erica B. Miles, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Jorge Leon–Flores, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's decision denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

Leon–Flores's brief before the BIA challenged only whether the filing date of his application rendered him ineligible for cancellation of removal. He did not raise this issue before this court, and his remaining claims were not exhausted. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency). Leon–Flores's contention that his due process claim is not subject to the exhaustion requirement because the alleged violation deprived him of a full hearing is not persuasive. *See id.*

(requiring exhaustion of due process claims concerning the denial of opportunity to speak at hearing).

To the extent that Leon–Flores challenges 8 U.S.C. § 1101(f)(7) as unconstitutionally over broad, the contention is not persuasive.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

